IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1396-06






NANCY N. NEESLEY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a concurring opinion in which Hervey, J., joined.


 Transportation Code §724.012(a) plainly confers on a peace officer the general authority to obtain
"[o]ne or more specimens of a person's breath or blood" if the person is arrested and the officer has
"reasonable grounds to believe" the person was driving while intoxicated. (1) No statute is needed to confer
authority to obtain a specimen of breath or blood from someone who freely and expressly consents to every
single draw. The point of Chapter 724 is to imply consent in certain situations in which express consent
is absent, thus §724.011's language that a person "is deemed to have consented" subject to the provisions
of this chapter. (2) So, a reading of the chapter indicates that it confers upon peace officers the authority to
obtain "one or more" specimens under at least some circumstances in which express consent is absent.

 Express consent can be absent under two possible circumstances: (1) the person refuses consent,
(2) the person is incapable of giving or refusing consent. The Legislature has set forth rules governing
implied consent in both circumstances. First, the Legislature has decreed that "a specimen" may not be
taken if the person refuses consent "[e]xcept as provided by Section 724.012(b)." (3) Second, the
Legislature has decreed that a person who is "dead, unconscious, or otherwise incapable of refusal" has
not "withdrawn" his implied consent, (4) and thus, "a specimen" may be taken by certain authorized entities. (5)
§724.012(b) describes the circumstances under which a peace officer is required to obtain a breath or
blood draw: the peace officer "shall require" the taking of "a specimen" under certain circumstances in
which death or serious bodily injury has occurred. (6)

 All of the provisions that specifically prescribe the application of implied consent under the various
circumstances in which implied consent would be needed refer to the taking of "a specimen." If the "a"
before "specimen" meant "one and only one," then the general authority conferred by §724.012(a) to take
"one or more" specimens would be meaningless. Clearly, "a specimen" is not intended as a reference to
the number of specimens that can be taken but is simply a reference to the type of evidence that can or must
be obtained ("a specimen"). 

 Consequently, reading §724.012(a)'s authorization to obtain "one or more specimens" together
with §724.012(b)'s instruction that a peace officer "shall require" the taking of "a specimen" leads to the
conclusion that obtaining one specimen or multiple specimens both satisfy §724.012(b)'s mandate that "a
specimen" be obtained. Because a peace officer can choose to take multiple specimens to satisfy
§724.012(b)'s requirement that a specimen be obtained, the exception to the prohibition against taking "a
specimen" when the person refuses to consent - "[e]xcept as provided by Section 724.012(b)" - allows
for the taking of multiple specimens. (7) In enacting the exception, the Legislature has simply decreed that
implied consent cannot be withdrawn by a suspect when the circumstances requiring a breath or blood
draw are present.

 I concur only in the Court's judgment. (8) 

Filed: November 7, 2007

Publish

 


1. Tex. Transp. Code §724.012(a)(emphasis added).
2. §724.011(a)(emphasis added).
3. §724.013.
4. §724.014(a).
5. §724.014(b), (c).
6. See §724.012(b).
7. The Court's argument would be better supported if the statutory exception said, "except as
required by Section 724.012(b)," although even then I think my interpretation would still be valid, but the
statute says "except as provided by Section 724.012(b)," so one need not necessarily conclude that the
exception encompasses only the bare minimum necessary to meet the mandatory draw requirement.
8. The Court's determination that only one specimen may be taken is mitigated by its further
determination that "specimen" necessarily means a "usable" specimen. The State prevails in this case
because only one "usable" specimen (the second) was obtained. But in a given case, the State may find
it useful to obtain multiple (usable) specimens for the purpose of conducting a retrograde extrapolation
analysis. See Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001). So the disagreement over the
statutory language is not a trivial matter but can seriously impact a DWI prosecution.